**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isabel Perez-Arellanez,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | No. CV-16-00725-TUC-RCC<br>No. CR-12-01025-RCC-LAB-1<br><br>**ORDER** |

Pending before the Court is Ground One of Petitioner Isabel Perez-Arellanez's original § 2255 Habeas Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 1.) Respondent filed a response. (Doc. 19.) Petitioner did not file a reply. The Court will deny Petitioner's § 2255 Habeas Petition.

Ground One asserts that Petitioner's trial counsel was ineffective because counsel did not object when the district judge allowed jurors to ask additional questions of the witnesses after examination. He claims that this caused the jurors to deliberate prematurely, which prejudiced him.

For Petitioner to assert a successful ineffective assistance of counsel claim, he must show that (1) counsel's actions fell below an objective level of reasonableness, and (2) due to counsel's actions, Petitioner suffered prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 695. Review of counsel's actions is highly deferential. *Cullen v.*

*Pinholster*, 563 U.S. 170, 190 (2011).

Petitioner has shown neither that counsel's actions were subpar, nor that he suffered prejudice from counsel's actions. A court may allow limited questioning of witnesses by jurors if such questioning is neutral and no prejudice results. *United States v. Huebner*, 48 F.3d 376, 382 (9th Cir. 1994); *see also United States v. Lynch*, 903 F.3d 1061 (9th Cir. 2018). Petitioner states that the simple fact that the judge permitted questions demonstrates he was prejudiced. He has given no examples of questions asked by the jurors or why any specific question could have changed the outcome of the trial. This nondescript assertion does not allow the Court to infer either that counsel's lack of objection was unreasonable or that Petitioner was prejudiced by it.

Accordingly, IT IS ORDERED:

1. Petitioner's original Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED as to Ground One. (Doc. 1 in CV-16-00725-TUC-RCC; Doc. 266 in CR-12-01025-RCC-LAB-1.) Grounds Two and Three of the original Petition were previously denied by this Court. (*See* Doc. 18 in CV-16-00725-TUC-RCC; Doc. 268 in CR-12-01025-RCC-LAB-1.) Therefore, the original Petition is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter judgment accordingly.

2. Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability on all grounds for appeal in Defendant's petition because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 13th day of November, 2019.

Honorable Raner C. Collins
Senior United States District Judge